J-S25010-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| PHEY CHARLES WILSON | : | |
| Appellant | : | No. 1539 WDA 2021 |

Appeal from the Judgment of Sentence Entered June 15, 2021
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0000562-2019

BEFORE: BENDER, P.J.E., DUBOW, J., and KING, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED: October 11, 2022**

Appellant, Phey Charles Wilson, appeals from the aggregate judgment of sentence of 1 to 2 years' incarceration, imposed after he pled *nolo contendere* to false imprisonment and indecent assault. On appeal, Appellant wishes to argue that the trial court abused its discretion by denying his post-sentence motion to withdraw his plea. Additionally, Appellant's counsel, Adam Yarussi, Esq., seeks to withdraw his representation of Appellant pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). After careful review, we deny counsel's request to withdraw and issue the following instructions.

The trial court summarized the facts and procedural history of Appellant's case, as follows:

> On November 9, 2018[,] at 3:25 P.M.[,] Officer Richards was dispatched to South Hills Rehab [for] an alleged assault. Officer Richards interviewed the victim, [C.C.], in order to determine

what had transpired. [C.C.] told Officer Richards that she had been assisting a patient[, Appellant] … in room 206. She told Officer Richards that[,] as she was guiding [Appellant] back to his room[,] … he began to play with her hair and put his hand on her shoulder. When they … arrived at his room[,] she attempted to direct him to his bed, however, [Appellant] proceeded to put his arms around her body and touched both of her breasts with his hands.

At this point[, C.C.] attempted to break free of [Appellant's] hold on her. She pushed him backwards towards the bed in an effort to get him off her. She then yelled for help. [Appellant] responded by attempting to cover her mouth with his hands. [C.C.] told Officer Richards that when another aide came into the room[, Appellant] immediately jumped off her and proceeded to act as if nothing had happened. Officer Richards interviewed another patient who was in the same room as [Appellant]. This interview revealed that the other patient had heard a commotion and did hear [C.C.] cry out for help. The other patient told Officer Richards that he had pressed the 'help' button in order for someone to come to the aid of [C.C].

On December 14, 2018[, Appellant] was charged with the following violations:

Count 1: Unlawful Restraint/Serious Bodily Injury, 18 Pa.C.S.[] § 2902(a)(1), a Misdemeanor of the First Degree.

Count 2: False Imprisonment, 18 Pa.C.S.[] § 2903(a), a Misdemeanor of the Second Degree.

Count 3: Indecent Assault Without Consent of Other, 18 Pa.C.S.[] § 3126(a)(1), a Misdemeanor of the Second Degree.

On February 23, 2021, a non-jury trial was scheduled to take place before this [c]ourt. [Appellant], however, decided to enter into an open plea of *nolo contendere* to False Imprisonment and Indecent Assault. The [c]ourt accepted [Appellant's] plea as a decision made knowingly, voluntarily, and intelligently. The plea to Indecent Assault required a determination of whether [Appellant] should be classified as a [S]exually [V]iolent [P]redator (SVP), which mandated that the Sexual Offenders Assessment Board (SOAB) conduct and complete an assessment on the issue within 90 days. It was after [Appellant entered] his plea … that this [c]ourt scheduled a sentencing hearing for June

> 8, 2021, at which time an SVP hearing would take place as well. On June 10, 2021, this [c]ourt issued an explanatory order classifying [Appellant] as a[n SVP]. On June 15th, this [c]ourt filed an Amended Order of Sentence. [Appellant] filed a timely[,] Post-Sentence Motion to withdraw his [*nolo contendere*] plea on June 25, 2021. [Appellant] alleged that his plea was not made knowingly, intelligently, and voluntarily.

Trial Court Opinion, 12/1/21, at 1-3 (unnumbered; footnotes omitted; some spacing altered).

On November 30, 2021, the court issued an order and opinion denying Appellant's post-sentence motion.[1] He filed a timely notice of appeal. The court did not direct Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. However, on December 30, 2021, the court filed a document entitled, "1925(b) Order," simply stating that it was relying on its November 30, 2021 opinion in asking this Court to "dismiss the appeal." Order, 12/30/21, at 1 (single page).

On January 5, 2022, Attorney Yarussi filed a "Motion for Leave to Withdraw as Counsel[,]" claiming that Appellant refused to speak to him and, thus, counsel could not "effectively represent Appellant nor … confirm if Appellant wants to pursue the appeal." Motion for Leave to Withdraw as Counsel, 1/5/22, at 1 (unnumbered). On January 13, 2022, this Court denied counsel's motion to withdraw, without prejudice for him to seek to withdraw

---

[1] Appellant's post-sentence motion was filed by his prior counsel, Kimberly A. Furmanek, Esq. On December 14, 2021, the trial court granted Attorney Furmanek's petition for leave to withdraw and appointed Attorney Yarussi to represent Appellant.

in the trial court. It is unclear if counsel filed any motion to withdraw in the trial court.

On February 25, 2022, Attorney Yarussi filed with this Court an ***Anders*** brief. However, he did not file another application to withdraw. In his ***Anders*** brief, Attorney Yarussi states two issues for our review:

I. There are no non-frivolous issues preserved for appeal.

II. Whether the [t]rial [c]ourt erred and abused its discretion by denying Appellant the right to withdraw his guilty plea … after Appellant was advised of his rights by the court and his trial counsel[,] and was his plea … knowing, intelligent, and voluntary.

***Anders*** Brief at 7.

It is well-settled that,

this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Prior to withdrawing as counsel on a direct appeal under ***Anders***, counsel must file a brief that meets the requirements established by our Supreme Court in ***Santiago***. The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

> *Santiago,* 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan,* 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, … 936 A.2d 40 ([Pa.] 2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of *Anders* and *Santiago*, this Court must then "conduct a simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

In this case, we cannot grant Attorney Yarussi's request to withdraw for several reasons. First, counsel's January 5, 2022 application to withdraw was denied by this Court on January 13, 2022, and counsel never filed another such petition with this Court. Thus, we cannot grant withdrawal where no petition is presently pending before our Court.

Second, Attorney Yarussi's *Anders* brief fails to comply with the above-stated requirements. Namely, Attorney Yarussi has failed to refer to anything in the record that might arguably support Appellant's appeal. *See Santiago*, 978 A.2d at 359 (repeating that "what the brief must provide under *Anders* are references to anything in the record that might arguably support the appeal"). In particular, counsel's "Statement of Questions Involved" indicates that Appellant wishes to challenge the trial court's denial of his post-sentence

motion to withdraw his *nolo contendere* plea on the basis that his plea was not knowing, intelligent, and voluntary. However, Attorney Yarussi offers no discussion in his **Anders** brief of why Appellant believes his plea was invalid (*i.e.*, such as the claims raised by prior counsel in Appellant's post-sentence motion), or any analysis of why those claims are frivolous.

For instance, in the post-sentence motion filed by Attorney Furmanek, she argued that Appellant should be permitted to withdraw his *nolo contendere* plea because he was unaware, at the time of his plea, of the applicable sex-offender registration requirements to which he would be subject. **See** Brief in Support of Post-Sentence Motion, 9/30/21, at 5 (unnumbered). Instead, the court merely informed Appellant that he would undergo an SVP evaluation by the SOAB, but it did not inform him that he could be subject to a lifetime registration requirement if found to be an SVP. **Id.** Appellant also claimed, in his post-sentence motion, that "he did not execute a knowing, intelligent, and voluntary waiver permitting him to be sentenced prior to the [SVP] classification." **Id.** He further stressed that he had declared his innocence at his sentencing hearing, thereby supporting his post-sentence motion to withdraw his plea, but no further inquiry into this declaration was made by the court. **Id.** at 8. Additionally, Appellant claimed in his post-sentence motion that the record indicates he was incompetent to enter a plea of *nolo contendere*, yet neither his counsel nor the court inquired into this issue. **Id.** at 9. More specifically, Appellant contended that he was suffering from a "mental breakdown" at the time he entered his plea, and that

he "does not recall whether he was even present in the courtroom when he entered the plea, nor does he recall any of the questions asked of him." ***Id.*** at 10.

Given these issues surrounding his plea, Appellant argued that it was not knowing, intelligent, and voluntary, and that he should be permitted to withdraw it. The court denied Appellant's motion. On appeal, Attorney Yarussi concludes that Appellant has no non-frivolous issues to pursue, yet he offers no discussion of why the claims set forth in prior counsel's post-sentence motion are frivolous. Instead, counsel merely sets forth the law pertaining to the requirements for an attorney who is seeking to withdraw, ***Anders*** Brief at 10, and then states the following, *verbatim* argument, in its entirety:

> II. Whether the [t]rial [c]ourt erred and abused its discretion by denying Appellant the right to withdraw his guilty plea due after Appellant was advised of his rights by the court and his trial counsel and was his plea was knowing, intelligent, and voluntary.

> "Imposition of sentence … will not be disturbed by an appellate court absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgement, and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgement exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." ***Commonwealth v. McAfee***, 849 A.2d 270, 275 (Pa. Super. 2004).

> Once a defendant has entered a plea of guilty, it is presumed that the defendant was aware of what he was doing, and the burden of proving involuntariness is on the defendant. ***Commonwealth v. Stork***, 1999 Pa. Super. 212, 737 A.2d 789 (1999).

> In order to set aside a plea on the grounds that counsel ineffectively advised the defendant to plead guilty despite a meritorious suppression claim, the appellant must show: (1) the existence of constitutionally inform incriminating evidence; (2)

- 7 -

that his guilty plea was primarily motivated by such evidence; and (3) that he was incompetently advised by counsel to plead guilty rather than stand trial. *Commonwealth v. Moser*, 757 A.2d 377 (Pa.Super.2000).

A criminal defendant has the right to effective assistance of counsel during the plea process. *Commonwealth v. Rathfon*, 2006 Pa. Super. 106, 899 A.2d 365 (2006). However, allegations of ineffectiveness in connection with the entry of a guilty plea will only serve as a basis for withdrawal if the defendant can show that the ineffective assistance rendered the plea involuntary or unknowing, that is, (1) counsel's action or omission was of questionable legal soundness; (2) counsel had no reasonable basis for the action or omission designed to further the defendant's interests; and (3) counsel's failure prejudiced the defendant. To show prejudice, the defendant must establish a reasonable probability that, but for counsel's errors, he would not have pleaded guilty. *Commonwealth v. Hickman*, 799 A.2d 136, 141-142 (Pa.Super.2002). A knowing and voluntary guilty plea must provide a defendant the opportunity to assess his chances of obtaining a reduced sentence as opposed to going to trial.

*Anders* Brief at 11-12.

We conclude that counsel has failed to refer to anything in the record that might arguably support the appeal. In particular, while Appellant's prior counsel identified several challenges to the validity of Appellant's plea in his post-sentence motion, Attorney Yarussi does not discuss any of those claims, or offer any analysis of why they are frivolous. *See Santiago*, 978 A.2d at 359 (indicating that an *Anders* brief must "offer[] an issue for a court's consideration," and then "reflect[] counsel's candid assessment of the complete lack of merit in his client's case"). Instead, Attorney Yarussi simply provides boilerplate legal principles with no analysis of how they apply to the

facts of Appellant's case. This is insufficient to meet the requirements of *Anders/Santiago*.

Accordingly, we deny counsel's request to withdraw. We direct counsel to: (1) file a petition to withdraw with this Court, (2) file, and send to Appellant, an amended *Anders* brief that discusses the claims raised in Appellant's post-sentence motion, and meets all other requirements for withdrawal set forth *supra*, and (3) send a letter to Appellant (and attach a copy of the letter to his amended *Anders* brief) informing him of the rights enumerated in *Nischan*. Alternatively, counsel may file an advocate's brief on Appellant's behalf. We instruct counsel to comply with these directives within **21 days** of the filing date of this memorandum. The Commonwealth shall then have **14 days** from the filing date of Attorney Yarussi's amended *Anders* brief (or advocate's brief) to file an amended Appellee's brief, if it so chooses.

Request to withdraw denied. Instructions issued to counsel. Panel jurisdiction retained.